Opinion of the court delivered by
Judge Catron.—
Hopkins moved the court to quash the execution, because costs were adjudged against the lessors of the plaintiff, when he alleges that judgment for costs should have been given against the lessee of the plaintiffs; and the lessors have been proceeded against by attachment. This would undoubtedly be the course of proceeding in the action of ejectment, as modulated by the English courts, and the practice there adopted. But our practice is grounded upon the acts of 1787, ch. 19, and 1801, ch. 11.— What has been this practice since the passage of the act of 1801? Uniformly to tax the lessor of the plaintiff with the costs, where a verdict is found for the defendant, and collect the same by the ordinary process of execution, to wit: a fieri facias or ca. sa. The process of attachment has never been issued in such a case in the state of Tennessee since the passage of the act of 1801, within the *242 knowledge of this court; nor can they hear of an instance. This long practice it would be most dange-roug to disturb. We are asked to set aside at this term, a judgment of this court rendered in 1825, not because it is informal, but void: for unless the judgment of a court is void, it cannot be set aside at a subsequent term. Were this judgment pronounced void, every similar judgment in the state (and there are many thousands) would be declared equally void, and subject to be expunged for the reason of its nullity. The construction of a statute should be most absurd to induce a court, after a uniform and undisputed practice under it for 25 years at least, to change that practice, and by a decision in effect pronounce void, thousands of judgments rendered by this court, and the inferior tribunals of the country. Has the practice under the statute of 1801 and 1787 adopted thereby, been so wholly unwarranted, as to drive this court to its rejection?
The act of 1801 provides, that any person wishing to institute an action of ejectment, shall produce to the clerk of the court a declaration in ejectment, and give bond and security as other persons instituting suits are required by law to give. Then the clerk shall issue a ca-pias, &c. for the defendant, who shall give a bail bond as in other cases, which the sheriff shall assign to the lessor of the plaintiff. Why is the bond and security required to be given by the act of 1787 by persons instituting suits? Before the leading process issues, the person wishing to institute the suit shall give bond and security that he will prosecute the suit he may commence, or in case of failure of such prosecution, that he will pay the defendant all such costs and damages as may be awarded against him, (the plaintiff,) by the court having cognizance thereof. When the clerk issues the writ he is required to enter it in a book to be kept for the purpose, with the names of the plaintiff and defendant, and the place of their abode, and the names of the securities and their abodes.
By these statutes, the lessor of the plaintiff before he *243 can sue in ejectment is bound to give bond and security, payable to the defendant, conditioned that he will prosecute his suit with effect, or in case oí failure, that he will pay and satisfy all costs that may be awarded against him for wrongfully prosecuting the suit. This bond is made part of the record: if the verdict and judgment are for the defendant, costs upon the bond are given immediately against the real plaintiff, the lessor, for the costs, and execution awarded: But against the security judgment is only given after a ji. fa. returned no property found, against the principal, and notice by sci.fa. to the security. But it must be recollected that the courtesy extended to the security is matter of practice, growing out of the reason of the thing, that the principal should be first made to pay if able; yet the statute requires no such lenity, the principal and security being equally bound. The lessor having entered into a recognisance of record to pay costs, there can be no objection why they shall not be adjudged against him. But the practice of the clerks has been to take bond from the security only, without the same being signed by the party commencing the suit, because he is equally liable in his character of plaintiff as if he had executed the bond. The record made of the writ at the time of its issuance describes him and his place of abode, and this record is to be the guide of the court in taxing costs against the party applying for the writ.— That the act of Assembiy refers to the lessor, and not to the fictitious lessee, need only be named to be conceded, because the abode of the plaintiff is to be recorded. As respects judgments for costs, since the passage of the act of 1801, the lessor of the nominal plaintiff and the defendant, have been deemed the real parties, plaintiff and defendant to the cause, in the same manner as if an action simply of trespass had been brought. Security is given by the one for prosecution, and the other fpr defence, as in other actions. This liberal interpretation is warranted by the act of 1801, ch. 6, sec. 65, which provides, that the law of costs shall not be interpreted as a penal law.*’— Were it not so, the security given for the prosecution *244 would be bound in the first instance to pay the costs, and the real plaintiff would escape, unless a practice were adopted entirely differing from any yet pursued in this State.
But Hopkins says to the defendant, Godbehire, you have no right to call on me for costs, because I did not sue you, and my name was wrongfully used without my consent or knowledge. To which the defendant can well reply; I found your'name upon the record as the responsible person for costs, and at whose instance the writ issued; you held me to bail for costs on my part. This bail bond was assigned to you; the cause was litigated between us until judgment went in my favor. All others are insolvent, as you tell us in your petition. 1 am innocent as well as you. One of us must suffer, and I having the legal advantage, the same cannot be taken from me. Seek your relief against those who impose upon you, but not against me, who have been harrassed and oppressed by the use of your name; and whether this was done with or without your knowledge, the misfortune was the same to me. This is a good answer. So it was decided in Kerby vs. Harris and Sullivan, by Judge Haywood, some years since in Chancery, at this place, and perfectly in accordance with the law upon the subject. The principle involved was precisely the same as the above, taking Hopkins’ petition for true; yet relief was given against Brown, who used the name of Kerby, without his assent or knowledge.
The above is the opinion which Judge Haywood instructed me to deliver in 1825, after havingheard this cause argued; but by reason of the incompetency of Judge Whyte, no ppinion was then given. The same judgment and reasons were given in similar cases a few days since at Knoxville, by the two sitting members of this court.
The judgment rendered in this cause in this court, we think sufficiently formal to warrant the execution. The whole of the items of cost not taxed at length, will be stricken out, and the execution quashed as to them. We have previously at this term, in another cause, given in *245 structions how costs in future shall be taxed. The clerk will retax the costs, so far as in his power from the record of the court below, according to law. Upon the execution not one item is taxed according to the act of 1794, ch. 1, sec. 75; save $6 25 for the attorney’s fee. By virtue of that act it is, that the clerk is authorized to issue an execution upon his own taxation of costs. This statute violates all common law rules, in the certainty of judgments, and must be strictly pursued, or the execution is illegal and void. Hence every item of service for which any charge is made, must be wrote down in words at length, except the amount which maybe in figures; so that it may be seen by all interested, that the charges are warranted by the fee bill in the acts of Assembly. And unless this is done, the execution is illegal and void, and the sheriff a trespasser who executes the same.' Such is the act of Assembly, which this court apprehends should be strictly executed. Judging from the daily abuses complained of on the part of the clerks of some of the courts, (who it seems almost entirely disregard it) the court has thought proper to say something upon this subject for the information of the clerks and sheriffs. The like was done at Knoxville. In this form only is the clerk of the supreme court authorized to .tax the costs of the courts below, and if nothing appears in the record from which the taxation can be made correctly, he will leave out all the aggregate sums, as illegal evidence of the fact that sucih costs are due, and upon which he dare not act.
The greater portion of costs in this cause, is for the attendance of witnesses, which costs are taxed thus: Witness, William Johnson, 36 10, &c. This is not a taxation according to the act of Assembly. The miles tra-velled, the number of ferriages paid, and the number of days the witness attended, should be stated, and the amount due for this service. Then the party charged could compare it with the law and ascertain whether the charge was correct or otherwise. •